**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SILVERIO PEREZ,<br><br>Plaintiff,<br><br>V.<br><br>ECOLAB PRODUCTION LLC, et al.<br><br>Defendants. | Case No.: 5:24-cv-01954-SSS-SPx<br><br>**ORDER AND JUDGMENT GRANTING MOTION FOR APPROVAL OF PAGA SETTLEMENT [DKT. NO. 42]** |

On August 14, 2026, Plaintiff Silverio Perez ("Plaintiff") filed a Motion for Approval of Private Attorneys General Act ("PAGA") Action Settlement ("Motion"). [Dkt. No. 42]. Defendant Ecolab Production LLC ("Defendant") did not oppose the Motion. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Having received and considered the PAGA Settlement Agreement and Release of Claims ("Settlement" or "Settlement Agreement"), the supporting papers filed by the Parties, and the evidence and argument received by the Court, and the instant Motion, the Court **GRANTS** approval of the Settlement and **ORDERS** as follows:

1. The Court finds and determines that the terms of the Settlement are fair,

reasonable and adequate and satisfies the applicable requirements for approval of the Private Attorneys General Act, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

2. The Court hereby approves the terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to its terms.

3. The Court finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiations facilitated by a neutral mediator. The Court further finds that the Parties conducted extensive investigation, research, and discovery and that their attorneys were able to reasonably evaluate their respective positions. The Court also finds that Settlement will enable the Parties to avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. The Court has reviewed the monetary recovery provided as part of the Settlement and recognizes the significant value accorded to the California Labor Workforce Development Agency ("LWDA") and the aggrieved employees ("PAGA Employees").

4. Defendant shall pay the Gross Settlement Amount ("GSA") of $550,000.00 in accordance with the Settlement Agreement.

5. The Court hereby appoints Phoenix Settlement Administrators as the Settlement Administrator.

6. The Court finds and determines Plaintiff's Enhancement Award in the sum of $15,000.00 is fair and reasonable. The Court hereby orders the Settlement Administrator to make this payment to the Plaintiff in accordance with the terms of the Settlement.

7. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Plaintiff's counsel; the Court hereby awards Plaintiff's counsel attorney's fees in the sum of $183,333.33 and actual litigation costs of $22,398.52. The Court finds such amounts to be fair and reasonable. The Court hereby orders the

Settlement Administrator to make this payment in accordance with the terms of the Settlement.

8. The Court finds and determines that the payment to be paid to the Settlement Administrator, Phoenix Settlement Administrators, in the requested amount of up to $5,400.00, for its fee and expenses incurred, is fair and reasonable. The Court hereby orders the Settlement Administrator to calculate and make this payment to itself, in the requested amount up to $5,400.00, in accordance with the terms of the Settlement. The difference between the actual fee and expenses incurred by Phoenix Settlement Administrators and the Settlement-allocated amount of $5,500.00 shall be redistributed to the PAGA Penalties (the PAGA Employee Net Settlement Amount and the LWDA Net Settlement Amount).

9. The PAGA Penalties is the amount remaining from the GSA after deductions of: (a) Plaintiff's Enhancement Award; (b) Plaintiff's Counsel Fees Payment; (c) Plaintiff's Counsel Litigation Expenses Payment; and (d) the Administration Expenses Payment; from which the LWDA Payment is equal to 65% of the PAGA Penalties and the total Individual PAGA Payments are equal to the 35% of the PAGA Penalties paid to the PAGA Employees under Labor Code section 2699, subd. (m).

10. The Court hereby orders the Settlement Administrator to calculate the PAGA Penalties after deducting (a) Plaintiff's Enhancement Award; (b) Plaintiff's Counsel Fees Payment; (c) Plaintiff's Counsel Litigation Expenses Payment; and (d) the Administration Expenses Payment, in accordance with the Settlement.

11. The Court finds and determines that payment to the LWDA of 65% of the PAGA Penalties (i.e. $210,514.30) as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives approval to and orders the Settlement Administrator to make this payment in accordance with the terms of the Settlement and the calculation in Paragraph 10.

12. The Court finds and determines that payment to the PAGA Employees

of 35% of the PAGA Penalties (i.e. $113,353.85) as their share of civil penalties in this case is fair, reasonable, and appropriate. The Court finds and determines that the Individual PAGA Payments provided for by the terms of the Settlement to be paid to the PAGA Employees are fair and reasonable. The Court hereby gives approval to and orders the Settlement Administrator to make payments to PAGA Employees in accordance with the terms of the Settlement and the calculation in Paragraph 10. For any PAGA Employee whose Individual PAGA Payment check is uncashed and cancelled after the void date, and subject to Paragraph 4.6.2 of the Settlement, the Administrator shall transmit the funds represented by such checks to the California Controller's Unclaimed Property Fund in the name of the PAGA Employee thereby leaving no "unpaid residue" subject to the requirements of California Code of Civil Procedure Section 384, subd. (b).

13. The court hereby approves, as to form and content, the explanatory notice letter (the "Explanatory Letter") attached as Exhibit A to the Settlement Agreement. The Court hereby directs the Settlement Administrator to mail or cause to be mailed to the Explanatory Letter by first class mail to the PAGA Employees in accordance with the Settlement Agreement.

14. Neither Defendant nor any related persons or entities, nor Released Parties, shall have any further liability for costs, expenses, interest, attorney's fees, or for any other charge, expense, or liability for the Released PAGA Claims, except as provided for by the Settlement.

15. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement or pursuant to this Order, including the requirement that Defendant transfer the Gross Settlement Amount to the Administrator or to enforce the releases in accordance with the Settlement.

16. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement and this Order.

17. The Parties shall bear their own costs and attorney's fees except as otherwise provided for by the Settlement and this Court's Order.

18. Upon execution of this Judgment, and upon the date Defendant transfers the Gross Settlement Amount to the Settlement Administrator, every PAGA Employee shall be deemed to release the Released Parties for the Released PAGA Claims for the PAGA Period.

19. Upon execution of this Judgment, and upon the date Defendant transfers the Gross Settlement Amount to the Administrator, Plaintiff's Released Claims shall be deemed to be conclusively released as against Defendant and the Released Parties, that includes a general release pursuant to California Civil Code §1542, and pursuant to the terms in the Settlement.

20. Defendant and the Released Parties deny that they have engaged in any unlawful activity, have violated the law in any respect, or have any liability to anyone under the claims asserted in the Action. Defendant entered the Settlement solely for compromising highly disputed claims. Nothing in the Settlement, this Order, or Judgment is an admission of liability or wrongdoing by Defendant or the Released Parties, or an admission by Plaintiff that the claims lacked merit or any defense asserted by Defendant has merit.

21. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters, parties and PAGA Employees, to the fullest extent relating to the interpretation, administration, implementation, effectuation and enforcement of this Order, Judgment and the Settlement.

**IT IS SO ORDERED.**

DATED: September 4, 2026

Honorable Sunshine S. Sykes
United States District Court Judge